**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOSE CAMILO, | : | Hon. Faith S. Hochberg |
| Petitioner, | : | Civil No. 07-5479 (FSH) |
| v. | : | |
| MICHAEL POWERS, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES:**

JOSE CAMILO, 72355/58629B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065
Petitioner Pro Se

**HOCHBERG**, District Judge

Jose Camilo filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Passaic County, accompanied by several exhibits from the state court record.[1] Having screened the Petition for dismissal pursuant to Habeas Rule 4, see 28 U.S.C. § 2254 Rule 4, the Court orders Petitioner to show cause why the Petition should not be summarily dismissed as untimely. See 28 U.S.C. § 2244(d).

---

[1] Petitioner initially handed the Petition to prison officials for mailing to the Court on September 1, 2007. See Camilo v. Powers, Civil No. 07-4307 (DMC) (D. N.J. filed Sept. 7, 2007). In response to the Order issued pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner chose to withdraw the Petition and file one all-inclusive § 2254 petition, subject to the one-year statute of limitations. Accordingly, by Order filed October 23, 2007, United States District Judge Dennis M. Cavanaugh dismissed the Petition without prejudice. By letter to the Clerk dated November 10, 2007, Petitioner resubmitted the same Petition to the Clerk for filing as his all-inclusive § 2254 petition. Although the Clerk could have reopened Civil No. 07-4307 (DMC), the Clerk docketed the matter as a new case.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Passaic County, on September 15, 1982, after a jury found him guilty of murder, terroristic threats, attempted murder, aggravated assault, possession of a handgun for an unlawful purpose, and unlawful possession of a handgun.  "The charges were in connection with a series of threats to defendant's ex-girlfriend and ultimately an argument on February 9, 1980, between defendant and his ex-girlfriend's mother and sister, during which the mother was killed and the sister was severely wounded."  State v. Camilo, Docket No. A-5164-05T1 supplemental order (N.J. Super., App. Div., Jan. 8, 2007).  The Law Division sentenced Petitioner to an aggregate term of life imprisonment plus 20 years, with 35 years of parole ineligibility.  Id. at p. 2.  Petitioner appealed, and on January 31, 1986, the Superior Court of New Jersey, Appellate Division, affirmed.  (Pet. ¶ 9.d.)  On May 20, 1986, the New Jersey Supreme Court denied certification.  See State v. Camilo, 104 N.J. 397 (1986) (table).

Petitioner filed his first state petition for post-conviction relief in the Law Division in May 1992.  (Pet. ¶ 11.a.3.)  On September 25, 1993, the Law Division corrected the sentence and denied Petitioner's other requests for relief.  (Id. ¶ 11.a.7.)  On January 27, 1994, the New Jersey Supreme Court denied certification.  State v. Camilo, 135 N.J. 304 (1994) (table).

Petitioner did not file his second state petition for post-conviction relief in the Law Division until 2003.  (Pet. ¶ 11.b.3.)  On July 30, 2003, the Law Division denied relief.  (Id. ¶ 11.b.8.)  The Appellate Division affirmed the order denying relief, and on June 23, 2003, the New Jersey Supreme Court denied certification.  See State v. Camilo, 177 N.J. 224 (2003) (table).

Petitioner filed a third petition for post-conviction relief in 2005. (Pet. ¶ 11.c.3.) The Law Division again denied post-conviction relief on April 20, 2006. (Id. ¶ 11.c.8.) Petitioner appealed, and the Appellate Division summarily affirmed by order filed January 8, 2007. See State v. Camilo, Docket No. A-5164-05T1 order (N.J. Super., App. Div., Jan. 8, 2007). On June 1, 2007, the New Jersey Supreme Court denied certification. See State v. Camilo, 192 N.J. 69 (2007) (table).

Petitioner executed the § 2254 Petition, which is now before this Court, on August 28, 2007, and handed it to prison officials for mailing to the Clerk of the Court on September 1, 2007. (Pet. p. 16.) The Clerk initially received it on September 7, 2007. See Camilo v. Powers, Civil No. 07-4307 (DMC) (D. N.J. filed Sept. 7, 2007). In response to this Court's Mason Order, Petitioner notified the Clerk that he desired to withdraw the Petition and file one all-inclusive § 2254 petition, and this Court dismissed the Petition without prejudice on October 23, 2007. By letter to the Clerk dated November 10, 2007, Petitioner re-submitted the identical Petition to the Court as his one all-inclusive Petition, and the Clerk docketed it as a new matter. See Camilo v. Powers, Civil No. 07-5479 (FSH) (D. N.J. filed Nov. 14, 2007). The Petition raises three grounds:

> Ground One: THE PETITIONER WAS DENIED A RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS REPRESENTED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THAT IS WHEN COUNSEL FAILED TO EFFECTIVELY REPRESENT DURING SEPARATE BUT CRUCIAL STAGES OF TRIAL.  AND COUNSEL WAS FURTHERMORE INEFFECTIVE, BY FAILING TO DISCLOSE, THROUGH TRANSLATOR THAT A TENTATIVE PLEA OFFER PROPOSED BY THE STATE WOULD ESSENTIALLY ELIMINATE THE POSSIBILITY FOR A CONSECUTIVE APPLICATION AT TIME OF SENTENCE.

> Ground Two: THE PETITIONER COMPLAINS THAT (HIS) DUE PROCESS RIGHTS, AS PROTECTED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, WERE VIOLATED WHEN TRIAL COURT PERMITTED AN INVOLUNTARY STATEMENT TO BE ENTERED IN THE RECORD FOR JURY CONSIDERATION.
>
> Ground Three: THE PETITIONER WAS DENIED DUE PROCESS PROTECTION AS GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND WAS SUBJECTED TO 5TH AMENDMENT DOUBLE JEOPARDY, WHEN TRIAL COURT [FAILED] TO MERGE AGGRAVATED ASSAULT WITH MURDER FOR SENTENCING PURPOSE.

(Pet. ¶ 12, Grounds One, Two and Three, pp. 6, 8, 9.)

## II.  DISCUSSION

A.  Standard of Review

"In conducting habeas review, a federal court is limited to deciding whether a conviction violate[s] the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-120 (1982).

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  To this end, Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4. As the Supreme Court explained,

> Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 656 (2005).

Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856.[2]

B.  Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

---

[2] "[V]ague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court," United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), and a failure to allege "sufficient facts" can lead to summary dismissal of a claim, id. at 437-38; accord Anderson v. Pa. Attorney General, 82 Fed. Appx. 745, 749 (3d Cir. 2003); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted). A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, __ U.S. __, 127 S. Ct. 1079, 1083 (2007).

The AEDPA statute of limitations is also subject to equitable tolling. See Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999). Nor is attorney error. See Lawrence v. Florida, __ U.S. __ 127 S. Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").[3]

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began,

---

[3] See also Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public defender that he had one year from the state's denial of post-conviction relief to file his federal habeas petition); Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). Petitioner's judgment of conviction was filed on September 15, 1982. (Pet. ¶ 2.b.) The Superior Court of New Jersey, Appellate Division, affirmed the conviction on January 31, 1986, and the New Jersey Supreme Court denied certification on May 20, 1986. (Id. ¶ 9.d & g.); State v. Camilo, 104 N.J. 397 (1986) (table). Because the conviction became final prior to the effective date of the AEDPA on April 24, 1996, the one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Absent statutory or equitable tolling, the limitations period ran for 365 days and expired on April 23, 1997. Id.

According to the facts set forth in the Petition, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). He filed his first state petition for post-conviction relief in 1992, and the New Jersey Supreme Court denied certification on January 27, 1994, before the one-year statute of limitations began to run on April 24, 1996. See State v. Camilo, 135 N.J. 304 (1994) (table). Thus, the first post-conviction petition did not equitably toll the limitations period, which had not yet begun. Because Petitioner did not file his second state petition for post-conviction relief until 2003, over five years after the one-year statute of limitations expired on

April 23, 1997, there was no statutory tolling of the limitations period.[4] Unless Petitioner is entitled to equitable tolling, the Petition would appear to be time barred.

The Court will give Petitioner an opportunity to file a written response showing why the Petition should not be summarily dismissed as time barred. See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (federal court hearing habeas petition has power to raise limitations period sua sponte).

## III. CONCLUSION

Based on the foregoing, the Court orders Petitioner to show why the Petition should not be summarily dismissed as time barred.

/s/ Faith S. Hochberg
**UNITED STATES DISTRICT JUDGE**

DATED: December 12, 2007

[4] See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post conviction relief petition had no effect on tolling because the limitations period had already expired by the time it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same); cf. Lawrence, 127 S. Ct. at 1082 ("All but one day of the limitations period had lapsed during the 364 days between the time Lawrence's conviction became final and when he filed for state postconviction relief").