UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSE CAMILO, | : | Hon. Faith S. Hochberg |
| Petitioner, | : | Civil No. 07-5479 (FSH) |
| v. | : |  |
| MICHAEL POWERS, et al., | : | OPINION |
| Respondents. | : |  |

**APPEARANCES:**

    JOSE CAMILO, 72355/58629B
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065
    Petitioner Pro Se

**HOCHBERG**, District Judge

    Jose Camilo filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Passaic County, accompanied by several exhibits from the state court record.[1] Having screened the Petition for dismissal pursuant to Habeas Rule 4, see 28 U.S.C. § 2254 Rule 4, on December 12, 2007, this Court ordered Petitioner to show cause why the Petition should not be summarily dismissed as untimely. See

---

[1] Petitioner initially handed the Petition to prison officials for mailing to the Court on September 1, 2007. See Camilo v. Powers, Civil No. 07-4307 (DMC) (D. N.J. filed Sept. 7, 2007). In response to the Order issued pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner chose to withdraw the Petition and file one all-inclusive § 2254 petition, subject to the one-year statute of limitations.  Accordingly, by Order filed October 23, 2007, United States District Judge Dennis M. Cavanaugh dismissed the Petition without prejudice.  By letter to the Clerk dated November 10, 2007, Petitioner resubmitted the same Petition to the Clerk for filing as his all-inclusive § 2254 petition.  Although the Clerk could have reopened Civil No. 07-4307 (DMC), the Clerk docketed the matter as a new case.

28 U.S.C. § 2244(d). Petitioner filed a response seeking tolling of the statute of limitations. For the reasons expressed below, this Court will dismiss the Petition with prejudice as untimely and deny a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Passaic County, on September 15, 1982, after a jury found him guilty of murder, terroristic threats, attempted murder, aggravated assault, possession of a handgun for an unlawful purpose, and unlawful possession of a handgun. "The charges were in connection with a series of threats to defendant's ex-girlfriend and ultimately an argument on February 9, 1980, between defendant and his ex-girlfriend's mother and sister, during which the mother was killed and the sister was severely wounded." State v. Camilo, Docket No. A-5164-05T1 supplemental order (N.J. Super., App. Div., Jan. 8, 2007). The Law Division sentenced Petitioner to an aggregate term of life imprisonment plus 20 years, with 35 years of parole ineligibility. Id. at p. 2. Petitioner appealed, and on January 31, 1986, the Superior Court of New Jersey, Appellate Division, affirmed. (Pet. ¶ 9.d.) On May 20, 1986, the New Jersey Supreme Court denied certification. See State v. Camilo, 104 N.J. 397 (1986) (table).

Petitioner filed his first state petition for post-conviction relief in the Law Division in May 1992. (Pet. ¶ 11.a.3.) On September 25, 1993, the Law Division corrected the sentence and denied Petitioner's other requests for relief. (Id. ¶ 11.a.7.) On January 27, 1994, the New Jersey Supreme Court denied certification. State v. Camilo, 135 N.J. 304 (1994) (table).

Petitioner did not file his second state petition for post-conviction relief in the Law Division until 2003. (Pet. ¶ 11.b.3; Response at p. 1.) On July 30, 2003, the Law Division

denied relief.  (Pet. ¶ 11.b.8.)  The Appellate Division affirmed the order denying relief, and on June 23, 2003, the New Jersey Supreme Court denied certification.  See State v. Camilo, 177 N.J. 224 (2003) (table).

Petitioner filed a third petition for post-conviction relief in May 2005.  (Pet. ¶ 11.c.3; Response, p. 1.)  The Law Division again denied post-conviction relief on April 20, 2006.  (Pet. ¶ 11.c.8.)  Petitioner appealed, and the Appellate Division summarily affirmed by order filed January 8, 2007.  See State v. Camilo, Docket No. A-5164-05T1 order (N.J. Super., App. Div., Jan. 8, 2007) (attached to Pet.).  On June 1, 2007, the New Jersey Supreme Court denied certification.  See State v. Camilo, 192 N.J. 69 (2007) (table).

Petitioner initially executed the § 2254 Petition, which is now before this Court, on August 28, 2007, and handed it to prison officials for mailing to the Clerk of the Court on September 1, 2007.  See n. 1.  (Pet. p. 16.)  The Clerk initially received it on September 7, 2007.  See Camilo v. Powers, Civil No. 07-4307 (DMC) (D. N.J. filed Sept. 7, 2007).  In response to this Court's Mason Order, Petitioner notified the Clerk that he desired to withdraw the Petition and file one all-inclusive § 2254 petition, and this Court dismissed the Petition without prejudice on October 23, 2007.  By letter to the Clerk dated November 10, 2007, Petitioner re-submitted the identical Petition to the Court as his one all-inclusive Petition, and the Clerk docketed it as a new matter.  See Camilo v. Powers, Civil No. 07-5479 (FSH) (D. N.J. filed Nov. 14, 2007).  The Petition raises three grounds:

> Ground One: THE PETITIONER WAS DENIED A RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS REPRESENTED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THAT IS WHEN COUNSEL FAILED TO EFFECTIVELY REPRESENT DURING SEPARATE BUT

> CRUCIAL STAGES OF TRIAL. AND COUNSEL WAS FURTHERMORE INEFFECTIVE, BY FAILING TO DISCLOSE, THROUGH TRANSLATOR THAT A TENTATIVE PLEA OFFER PROPOSED BY THE STATE WOULD ESSENTIALLY ELIMINATE THE POSSIBILITY FOR A CONSECUTIVE APPLICATION AT TIME OF SENTENCE.
>
> Ground Two: THE PETITIONER COMPLAINS THAT (HIS) DUE PROCESS RIGHTS, AS PROTECTED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, WERE VIOLATED WHEN TRIAL COURT PERMITTED AN INVOLUNTARY STATEMENT TO BE ENTERED IN THE RECORD FOR JURY CONSIDERATION.
>
> Ground Three: THE PETITIONER WAS DENIED DUE PROCESS PROTECTION AS GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND WAS SUBJECTED TO 5TH AMENDMENT DOUBLE JEOPARDY, WHEN TRIAL COURT [FAILED] TO MERGE AGGRAVATED ASSAULT WITH MURDER FOR SENTENCING PURPOSE.

(Pet. ¶ 12, Grounds One, Two and Three, pp. 6, 8, 9.)

In an Opinion filed December 12, 2007, this Court explained that the face of the Petition, together with the attached order/opinion of the Superior Court of New Jersey, Appellate Division, affirming the Law Division's order denying Petitioner's third petition for post-conviction relief, see State v. Camillo, Docket No. A-5164-05T1 order (N.J. Super., App. Div., Jan. 8, 2007), show that, in the absence of equitable tolling, the statute of limitations expired on April 23, 1997, five years before Petitioner filed his second petition for post-conviction relief in 2003. This Court directed Petitioner to show cause why the § 2254 Petition should not be summarily dismissed as time barred. On January 10, 2008, Petitioner filed a three page Response to the Order to Show Cause, arguing that the statute of limitations should be tolled.

## II.  DISCUSSION

A.  Standard of Review

"In conducting habeas review, a federal court is limited to deciding whether a conviction violate[s] the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-120 (1982).

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). To this end, Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. As the Supreme Court explained,

> Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 656 (2005).

The United States Court of Appeals for the Third Circuit instructs that dismissal of a § 2254 petition without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856.[2]

---

[2] "[V]ague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court," United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), and a failure to allege "sufficient facts" can lead to summary dismissal of a claim, id. at 437-38; accord Anderson v. Pa. Attorney General, 82 Fed. Appx. 745, 749 (3d Cir. 2003); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

B.  Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under the following circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  An application is "filed" when "it is delivered to, and

6

accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted). A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007).

The AEDPA statute of limitations is also subject to equitable tolling. See Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d

153, 159 (3d Cir.1999). Nor is attorney error. See Lawrence v. Florida, 127 S. Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, this Court found in its Opinion filed December 12, 2007, that the applicable limitations provision is § 2244(d)(1)(A). Petitioner's judgment of conviction was filed on September 15, 1982. (Pet. ¶ 2.b.) The Superior Court of New Jersey, Appellate Division, affirmed the conviction on January 31, 1986, and the New Jersey Supreme Court denied certification on May 20, 1986. (Id. ¶ 9.d & g.); State v. Camilo, 104 N.J. 397 (1986) (table). Because the conviction became final prior to the effective date of the AEDPA on April 24, 1996, this Court found that the one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001);

8

Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). This Court observed in its prior Opinion that, absent statutory or equitable tolling, the limitations period ran for 365 days and expired on April 23, 1997. Id.

This Court noted in the December 12, 2007, Opinion that Petitioner did not appear to be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Specifically, Petitioner's first post-conviction petition did not equitably toll the limitations period, as he filed his first state PCR petition in 1992, and the New Jersey Supreme Court denied certification on January 27, 1994, before the one-year statute of limitations began to run on April 24, 1996. See State v. Camilo, 135 N.J. 304 (1994) (table). Because Petitioner did not file his second state PCR petition until 2003, five years after the statute of limitations expired on April 23, 1997, the second PCR petition did not result in statutory tolling.[3] Accordingly, this Court observed that the Petition appeared to be time barred unless Petitioner showed grounds for statutory or equitable tolling. The Order accompanying the Opinion gave Petitioner an opportunity to file a written response showing why the Petition should not be summarily dismissed as time barred.[4]

As previously stated, Petitioner filed a Response to the Order to Show Cause. Petitioner argues as follows:

---

[3] See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post conviction relief petition had no effect on tolling because the limitations period had already expired by the time it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same); cf. Lawrence, 127 S. Ct. at 1082 ("All but one day of the limitations period had lapsed during the 364 days between the time Lawrence's conviction became final and when he filed for state postconviction relief").

[4] District courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's § 2254 petition. See Day v. McDonough, 547 U.S. 198, 209 (2006); United States v. Bendolph, 409 F. 3d 155, 164-66 (3d Cir. 2005); Long v. Wilson, 393 F. 3d 390 (3d Cir. 2004).

9

>The Petitioner respectfully advances that tolling is in effect since Petitioner had to return for post-conviction proceedings in an attempt to clarify litigation dating back from direct appeal to the Superior Court of New Jersey - Appellate Division.
>
>The fact of the matter is Petitioner has had to repeatedly employ[] post-conviction availability to further expound both trial and appellate ineffective counsel. The constitutional complaint raises that counsel's over-all ineffectiveness allowed trial court to impose an illegal sentence.
>
>A Petition for Writ of Habeas Corpus is a step in the appellate process. The federal habeas corpus statu[t]e provides state prisoners review of state court convictions. And allows one (1) year to pursue that avenue. That is when a petitioner has exhausted the remedies available in the courts of the State.
>
>The problem herein is that the New Jersey State Supreme Court failed to answer a particular pleading. Because of that fact Petitioner argues that the matter thereafter is tolled.
>
>There is one further point: Mr. Camillo in a previous court was awarded a translator because of (his) inability to comprehend the language.

(Response, pp. 2-3.)

Petitioner asserts that tolling is warranted because the New Jersey Supreme Court "failed to answer a particular pleading" (Response, p. 3), but he does not identify the pleading. Petitioner does not dispute that the New Jersey Supreme Court denied certification of the order denying his first PCR petition on January 27, 1994, State v. Camilo, 135 N.J. 304 (1994) (table), and that he did not file his second PCR petition until 2003. (Response, p. 1.) Nor does Petitioner dispute that no application for state post-conviction or other collateral review was pending in the New Jersey courts between April 24, 1996, when the statute of limitations began to run, and April 23, 1997, when it expired. See Merrit, 326 F. 3d at 161; Nara, 264 F. 3d at 315;

10

Burns, 134 F. 3d at 111.  Thus, this Court finds that the statute of limitations was not statutorily tolled from April 24, 1996, through April 23, 1997.

This Court further holds that Petitioner has not shown extraordinary circumstances that would warrant equitable tolling or that he acted diligently in seeking federal habeas relief.  See Lawrence v. Florida, 127 S. Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public defender that he had one year from the state's denial of post-conviction relief to file his federal habeas petition); Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").[5]

---

[5] See also Satterfield v. Johnson, 434 F. 3d 185, 196 (3d Cir. 2006) (where petitioner waited nearly a year to initiate post-conviction relief proceeding after extraordinary circumstances were over, and waited eight months to file his habeas petition after dismissal of his post-conviction relief petition, "[s]uch a delay demonstrates that Satterfield did not diligently pursue available routes to collateral relief"); Mahmood v. Gonzales, 427 F. 3d 248, 253 (3d Cir. 2005) ("Taken together, these periods of unaccounted-for delay reveal a lack of diligence, and thus Mahmood is not entitled to [equitable] tolling"); Dominguez v. Hildreth, 141 Fed. Appx. 544 (9th Cir. 2005) (petitioner was not entitled to equitable tolling because he has marginal English skills, where he has not alleged or established a causal link between his marginal English skills and his inability to file a timely petition); Uriarte v. Terhune, 9 Fed. Appx. 753, 754 (9th Cir. 2001) (petitioner was not entitled to equitable tolling because he could not speak, write or understand English, where he filed several state PCR petitions before and after the limitations period).

Thus Petitioner is not entitled to equitable tolling, and the limitations period expired on April 23, 1997. This Court will accordingly dismiss the Petition with prejudice as untimely.[6]

C. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

This Court denies a certificate of appealability in this case because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

---

[6] No evidentiary hearing is necessary because, accepting Petitioner's allegations as true, he is not entitled to equity because he has not even attempted to explain his lack of diligence. See LaCava v. Kyler, 398 F. 3d 271, 279 (3d Cir. 2005) (hearing on availability of equitable tolling not warranted where, "[e]ven if we were to conclude that LaCava was prevented by 'extraordinary circumstances' from receiving timely notice of the state court's disposition, he nonetheless failed to exercise reasonable diligence in pursuing his claims by passively waiting twenty-one months to make an inquiry into the status of his state proceeding"); Robinson v. Johnson, 313 F. 3d 128, 143 (3d Cir. 2002) (evidentiary hearing is not warranted where petitioner "has not demonstrated the diligence necessary to warrant an evidentiary hearing on his claim" of equitable tolling).

## III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

 /s/ Faith S. Hochberg
**UNITED STATES DISTRICT JUDGE**

DATED:   January 25, 2008